UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW PERRY and
MARTHA PERRY,

Plaintiffs,

CASE NO:

v.

BRYCE WARRECKER and
JULIA KEYS,

Defendants.
______________________/

**DEFENDANTS BRYCE WARRECKER AND JULIA KEYS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS ANDREW PERRY AND MARTHA PERRY'S COMPLAINT**

The Defendants, BRYCE WARRECKER and JULIA KEYS ("WARRECKER"), by and through their undersigned counsel, answers Plaintiffs, ANDREW PERRY and MARTHA PERRY's ("PERRY") Complaint, as follows:

1. Admitted for jurisdictional purposes only.
2. Without knowledge, therefore denied.
3. Without knowledge, therefore denied.
4. Admitted.
5. Admitted.
6. Denied.
7. Admitted.
8. Denied.

**COUNT I –Negligence**

9. No Response required.

10. Denied.

11. Denied.

12. Denied a-m.

**COUNT II – Negligence**

13. No Response required.

14. Denied.

15. Denied.

16. Denied a-m.

**COUNT III – Vicarious Liability**

17. No response required.

18. Admitted.

19. Denied.

**COUNT IV – Vicarious Liability**

20. No Response Required.

21. Admitted.

22. Denied.

WARRECKER denies each and every allegation of PERRY's Complaint not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. If PERRY has suffered injuries or losses as alleged, these are the proximate results of negligence and/or assumption of the risks by or on behalf of PERRY by reason of which PERRY's recovery, if any, must be proportionately diminished under the comparative negligence doctrine.

2. WARRECKER states that PERRY's injuries, if any, do not meet the tort threshold of Florida Statute Section 627.737, and therefore, WARRECKER is immune from tort liability herein.

3. Any recovery by PERRY herein should be diminished by the amounts of all benefits which PERRY has received from collateral sources as defined within Florida Statutes, as well as any no-fault benefits received.

4. WARRECKER states that PERRY failed to mitigate damages, if any, and is therefore not entitled to recovery of any damages which could have been mitigated.

5. WARRECKER alleges that any recovery should be reduced or barred by any settlement, judgment, or payment of any kind by any individual or entity in connection with the subject matter of the incident described in the Complaint.

6. WARRECKER affirmatively alleges entitlement to all the protections of Florida's Tort Reform Bill 837 and SB 836 which became effective before WARRECKER's response to this Complaint. These protections include any and all limitations on admissibility of PERRY's past and future medical bills, health

insurance payments, reasonable rates for PERRY's medical treatment and costs of same, limitations of the recovery of damages at trial, where applicable and the doctrine of comparative fault as raised in Affirmative Defense Number 1, above.

7. As owner of the subject vehicle, Defendant JULIA KEYS' liability is limited or capped under Florida Law, pursuant to Florida Statue, 324.021(9).

WHEREFORE, Defendants, BRYCE WARRECKER and JULIA KEYS, requests this Court enter judgment in their favor and award their attorneys' fees, costs or any other such award as the court deems necessary and appropriate.

**DEMAND FOR JURY TRIAL**

WARRECKER hereby demands a trial by jury of all issues so triable as of right by jury.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF and e-mail on September 24, 2026 to all counsel on the attached service list.

**KUBICKI DRAPER**
400 North Ashley Drive, Suite 1200
Tampa, Florida 33602
Direct Line: (813) 314-1126
**Counsel for Defendants**

BY: /s/ Serena M. Kurtz
SERENA M. KURTZ, ESQ.
FBN: 88683
HAS-KD@kubickidraper.com

## SERVICE LIST

Royce C. Haddad, Jr., Esq.
Adam Talley, Esq.
Ryan J. Hitel, Esq.
HADDAD & ASSOCIATES
6344 Roosevelt Boulevard
Clearwater, Florida 33760
CourtDocService@haddadinjurylaw.com
**Attorneys for Plaintiff**