UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW PERRY and
MARTHA PERRY,

Plaintiffs,

v. Case No. 8:26-cv-2936-VMC-AEP

BRYCE D. WARRECKER
and JULIA R. KEYS,

Defendants.
______________________________/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiffs initiated this negligence case arising from a car accident in state court. (Doc. # 3-1). Thereafter, on

September 24, 2026, Defendants removed the case to this Court based on diversity jurisdiction. (Doc. # 3).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 3-1 at 1). Instead, in their notice of removal, Defendants relied upon their counsel's declaration with her opinion that the amount in controversy exceeds $75,000, in part based on the details of injury described and the categories of damages requested in the complaint. (Doc. # 3 at 2-3; Doc. # 3-4).

Upon review of the notice of removal, the Court was not persuaded that the amount-in-controversy requirement has been satisfied. (Doc. # 9). Specifically, the Court wrote:

> In the notice of removal, Defendants rely upon the allegations of injury in the complaint and their own lawyer's declaration with her opinion to argue that the amount in controversy exceeds $75,000. The Court is not convinced. The allegations of "serious and permanent injuries" to Plaintiffs in the complaint are vague boilerplate that do not persuade the Court as to the extent of damages at issue. Neither the complaint nor counsel's declaration with her opinion that the amount in controversy exceeds $75,000 provide information as to the amount of Plaintiffs' past medical bills or lost wages. See Durshimer v. LM Gen. Ins. Co., No. 8:20-cv-2014-VMC-AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020) ("No concrete information is provided regarding past or future medical expenses, pain and suffering, or lost wages. Accordingly, these categories of damages are too speculative to include in the amount in controversy calculation."). Furthermore, "damages based on future loss of income, future medical expenses, or pain and suffering are too speculative to include in the Court's [amount in controversy] calculation." Ulrich v. Progressive Express Ins. Co., No. 8:22-cv-2541-VMC-AAS, 2022 WL 17336183, at *2 (M.D. Fla. Nov. 30, 2022). The Court is left with nothing beyond rank speculation. Thus, at this juncture, the Court concludes that the amount in controversy requirement is not met, and this Court lacks subject matter jurisdiction.

(Id.). The Court gave Defendants an opportunity to provide additional information to meet their burden. (Id.).

Defendants have now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction.

(Doc. # 12). Defendants, however, still fail to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In the amended declaration of defense counsel, counsel provides only two pieces of new and concrete information. First, "the insurance policy which includes bodily injury coverage has coverage of $100,000 per person and $300,000 per occurrence." (Id. at ¶ 8). Second, as "[c]urrently known through records received from the [Plaintiffs'] counsel, past medical expenses for both [Plaintiffs] are $118,118.90." (Id. at ¶ 9).

The Court disagrees with Defendants that this information is sufficient to establish the amount in controversy requirement. First, "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (citation omitted); see also Salama v. Hammonds, No. 8:20-cv-2404-VMC-AAS, 2020 WL 6305626, at *2 (M.D. Fla. Oct. 28, 2020) (remanding case in which the policy limits were $500,000 but the only concrete damages were "$38,798.61 in past medical expenses"); Amerisure Ins. Co. v. Island Crowne Devs., L.C., No. 6:10-cv-221-JA-DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount

exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits."). Thus, the fact that the policy at issue's limits exceed $75,000 does not establish that the amount in controversy exceeds $75,000.

Second, courts "do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit." Leonard v. Enter. Rent a Car, 279 F.3d 967, 974 (11th Cir. 2002); see also Snyder v. Harris, 394 U.S. 332, 335 (1969) ("[S]eparate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest."). The amount of past medical expenses exceeding $118,000 does not satisfy the amount in controversy requirement because this amount is aggregated for both Plaintiffs. Indeed, counsel wrote that the "past medical expenses for both [Plaintiffs] are $118,118.90." (Doc. # 12

at ¶ 9). No information is provided that would allow the Court to assess each Plaintiff's share of the total past medical expenses. Thus, the Court cannot determine that either Plaintiff has past medical expenses exceeding $75,000.

In short, the information contained in the notice of removal, original declaration, and the amended declaration does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of October, 2026.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE